CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JASON HANNAN (Bar No. 290841)
(E Mail: jason_hannan@fd.org)
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Justin Jennings

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 8:24-CR-00071-JWH |
|---|---|
| Plaintiff, | **MOTION TO REVOKE DETENTION ODER OF MAGISTRATE JUDGE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| JUSTIN JENNINGS, | |
| Defendant. | Hearing Date: June 26, 2024 |
| | Time: 1:00 p.m. |

This motion is based on the attached memorandum of points and authorities, the files and records in this case, and any evidence or argument that may be presented at the hearing on the motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 24, 2024    By  /s/ Jason Hannan
                            JASON HANNAN
                            Deputy Federal Public Defender
                            Attorney for Justin Jennings

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LEGAL STANDARD

As the Supreme Court held in *United States v. Salerno*, 481 U.S. 739 (1987), "[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *Id.* at 755.[1] Accordingly, "federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should release be denied," and "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id* Specifically, under the Bail Reform Act, a heavy burden is placed on the government to show that detention is warranted. The government must prove by clear and convincing evidence that an individual is a risk of danger to the community, by a preponderance of the evidence that the individual is a risk of flight, and that no conditions or combination of conditions will ensure the individual's appearance and the safety of the community. *See id.* at 1406-07.

When making a determination as to whether the government has met its heavy burden, the court is to consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism;
> 
> (2) the weight of the evidence against the person;
> 
> (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past

---

[1] *See also, e.g.*, *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) ("In applying the [§ 3142(g)] factors to any particular case, the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." (quoting S. Rep. N. 98-225 at 7 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3189)); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

        criminal conduct, and history relating to drug or alcohol abuse; and

        (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g)(1)-(4).

    In this case, the conditions that defendant proposed before the magistrate judge reasonably assure the appearance of Mr. Jennings and reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(c)(B) (pretrial release shall be "subject to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . .").

## II.  ARGUMENT

**The Strict Conditions Proposed by Defendant Reasonably Assure Appearance and Safety of the Community.**

    Given the 18 U.S.C. § 3142(g) factors delineated above, the government cannot meet its heavy burden to detain Jennings without the setting of any conditions of release -- in light of the restrictive conditions proffered by defendant -- all of which *reasonably* assure his appearance and the safety of the community:

- Submit to supervision by Pretrial Services;
- Home detention and locating monitoring, with narrow carve-outs for court hearings and medical/mental health appointments, with all visits to require pre-approval by Pretrial Services;

The defense's specific proposal that Mr. Jennings participate in home detention and location monitoring conditions sharply mitigates against any alleged risks accompanying pretrial release. *See also cf. United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) ("Section 3142 does not seek ironclad guarantees . . . ."); 18 U.S.C. § 3142(c)(B) (pretrial release shall be "subject to the least restrictive

3

further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . .").

- Post a personal appearance bond in the amount of $500,000, to be signed by defendant's father, Dr. R. Stephen Jennings, and reside as approved at the address of defendant's father, as directed by Pretrial Services - and do not relocate without prior permission from Pretrial Services;
- Submit to a mental health evaluation and participate in any mental health treatment, as directed by Pretrial Services;
- Refrain from use of alcohol or possession of illegal drugs or state-authorized marijuana; and submit to any regular alcohol and/or substance abuse testing, as directed by Pretrial Services, in order to ensure compliance;
- Refrain from possessing a firearm, ammunition, or destructive devices; and submit to search to ensure compliance;
- Surrender all passport and travel documents to Pretrial Services, and sign a Declaration re Passport and Other Travel Documents (Form CR-37), and do not apply for a passport or other travel document during the pendency of this case;

Mr. Jennings is presumed innocent and there are several defenses to the charge. Any reasonable concerns of the Court and the government with respect to the safety of the community - are adequately addressed through the strict conditions proposed by the defense. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (explaining that the Bail Reform Act neither "requires nor permits a pretrial determination of guilt").

Additionally, the defense is amenable to any and all other proposed conditions suggested by the Court, government and/or Pretrial Services to the extent they tend to reasonably assure his appearance and the safety of the community.

### III.  CONCLUSION

Based on the foregoing, the defense respectfully requests that the Court grant the request for pretrial release.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  June 24, 2024          By  */s/ Jason Hannan*
JASON HANNAN
Deputy Federal Public Defender
Attorney for Justin Jennings